UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HOMER T. RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:03-CV-370 |
| | ) | |
| TIMOTHY E. BOBAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**I. Introduction**

This matter is before the Court on two motions to compel (DE # 74, 77), both filed by *pro se* Plaintiff Homer T. Richards.[1]  For purposes of understanding the present motions, the background of Richards's case, brought under 42 U.S.C. § 1983, can be greatly simplified:  he contends that Defendants Bobay and Crapser fabricated evidence in order to obtain a warrant for his arrest for dealing cocaine, leading to his claims of false arrest, malicious prosecution, and harassment.  He also brings claims against various officials of the City of Fort Wayne and Allen County.  More pointedly to our inquiry here, however, are the interrogatories that Richards served on Crapser and Bobay that he contends were not fully answered.[2]

**II. Analysis**

In general, "[p]arties may obtain discovery regarding any matter, not privileged, that is

---

[1]Richards denominated each of the filings as a "Notice of Disclosure."  The Court has recast them to more accurately reflect the relief Richards is actually seeking.

[2]Richards also initially complained that Bobay did not sign his interrogatory responses, but no longer wishes to have that matter addressed in the context of this motion. (*See* Notice of Disclosure (DE # 74) at 1.)

relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Rule 33 empowers a party to serve written interrogatories on another party, and imposes a duty on the served party to answer each interrogatory "separately and fully." Fed R. Civ. P. 33(a), (b). According to Rule 37, if a party does not respond to an interrogatory, the party requesting the discovery may move the court to compel the opposing party to respond. Fed. R. Civ. P. 37(a)(2)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). Therefore, Richards's motions fall within Rule 37.

Here, Crapser's argument in response to the motion to compel is simple: he contends that he fully answered the interrogatories and Richards merely disagrees with his responses. (*See* Def., Christopher Crapser's Resp. to Pl.'s Notice of Disclosure at 2.) Upon review of the seven narrowly-tailored interrogatories at issue, and Crapser's responses, it is apparent that except in one instance Crapser fully answered the interrogatories. Stated simply, merely challenging the responses as inaccurate, as Richards seeks to do, cannot form the basis for a motion to compel. *See* Fed. R. Civ. P. 37(a)(2)(B), (a)(3). Of course, if Crapser learns later that his responses are in some material respect incomplete or incorrect, he is to amend his response in accordance with the duty imposed under Rule 26(e)(2). *See* Fed. R. Civ. P. 26(e)(2).

The one exception requires a fair reading of Interrogatory No. 3, which asks Crapser to name the person who ordered police entry into the yard at 708 East Jefferson to effectuate Richards's arrest. Crapser's response, which skirts answering the question, merely asserts that

2

an arrest warrant had issued and that his assistance was requested in executing it. (*See* Answer of Def. Christopher Crapser to Pl.'s Second Set of Interrogs. No. 3.)  Therefore, the Court will order Crapser to amend his answer for this interrogatory.

>As for Bobay, Richards finds fault with only one interrogatory answer:
>
>>Interrogatory No. 5: What was the disciplinary action taken against you for testing positive on a drug test (cocaine)?
>>
>>Answer: OBJECTION. This interrogatory is not relevant to any issue in this case and the response will not lead to the discovery of relevant information.

(*See* Notice of Disclosure (DE # 77) at 1.)  Bobay's objection under Rule 26(b)(1) argues that any discipline he received in connection with a later, and unrelated event, is irrelevant to Richards's claim. (*See* Resp. to Notice of Disclosure at 2.)  For his part, Richards argues that the information is indeed relevant because Bobay would have revealed in those disciplinary proceedings how long he had been using cocaine (*see* Pl.'s Reply (DE # 80) at 2), apparently to suggest that perhaps Bobay was using cocaine at the time he was investigating Richards.

>Notwithstanding the Court's limited knowledge of this case, an obvious problem with Richard's conjectural relevancy argument exists.  As even if Bobay answers the interrogatory and reveals the nature and extent of the discipline meted out to him, Richards will still not find out what he apparently wants to know – whether Bobay was using cocaine around the time of Richards's arrest.  Yet, this is not to say that the information may not otherwise be potentially relevant, considering the broad nature of permissible discovery under Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1).  Merely because the events leading to Bobay's discipline occurred *after* Richards's arrest, does not make them irrelevant, as Bobay seems to assume, to Richards's earlier false arrest claim against Bobay, or for that matter, to various claims against other

Defendants. *Simpson v. Univ. of Co.*, 220 F.R.D. 354, 359 (D. Colo. 2004) (citing *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002)) (emphasizing that party resisting discovery has the burden of establishing lack of relevance).  Consequently, the Court will order that Bobay respond to Interrogatory No. 5 by stating the nature and extent of the discipline imposed.

### III. Conclusion

Richards's Motion to Compel (DE # 77) directed to Crapser is GRANTED in part and DENIED in part.  The motion is denied except that Defendant Crapser is to amend his response to Interrogatory No. 3 by filing and serving an amended response by September 1, 2005.

Richards's Motion to Compel (DE # 74) directed to Bobay is GRANTED in part and DENIED in part.  The motion is denied except that Defendant Bobay is to answer Interrogatory No. 5 by filing and serving an answer by September 1, 2005.

Enter for August 19, 2005.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
