UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HOMER T. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:03-CV-370-TS |
| | ) |
| TIMOTHY E. BOBAY, | ) |
| GRAHAM RICHARD, MARLA IRVING, | ) |
| LINDA BLOOM, ED ROUSSEAU, | ) |
| AL MOLL, ROBERT LEE, | ) |
| RUSTY YORK, and CHRISTOPHER | ) |
| CRASPER, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Plaintiff, Homer T. Richards, believes that the Defendants violated his constitutional rights when he was arrested for dealing in cocaine, either through their direct participation in obtaining an arrest warrant, arresting him, and seeking his prosecuting in state court, or by virtue of their official duties in connection with the Fort Wayne Police Department. While the Plaintiff has moved to amend his Complaint, the Defendants have moved for summary judgment on all the Plaintiff's claims. These motions are pending before the Court.

**PROCEDURAL BACKGROUND**

On October 2, 2004, the Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. He alleged that Defendants Timothy Bobay and Christopher Crasper, officers of the Fort Wayne Police Department, fabricated evidence to obtain a warrant for his arrest for dealing cocaine and then engaged in false arrest, malicious prosecution, and harassment. He charged members of the prosecutor's office with malicious prosecution. The Plaintiff also sued the mayor of Fort Wayne,

Graham Richard, and Allen County Commissioners, Linda Bloom, Marla Irving, and F. Nelson Peters (who succeeded Ed Rousseau in office as County Commissioner for District 1), and Allen County Treasurer, Robert Lee.

On October 28, 2003, Defendants Marla Irving, Linda Bloom, Ed Rousseau, and Robert Lee (the County Defendants) filed their Answer and Affirmative Defenses to the Plaintiff's Complaint. On October 31, 2003, the prosecutors filed a Motion to Dismiss. On November 12, 2003, Defendants Timothy E. Bobay, Christopher Crasper, Al Moll, Graham Richard, and Rusty York (the Fort Wayne Defendants) filed their Answer and Affirmative Defenses to the Plaintiff's Complaint.

On January 20, 2004, the Plaintiff filed his Response to the prosecutors' Motion to Dismiss. The prosecutors filed their Reply on February 9, 2004. On September 14, 2004, the Court granted the Motion and Albert Azini and Robert Gevers II were dismissed from the suit.

On April 1, 2005, the Plaintiff filed a Motion to Amend his Complaint. Attached to the Motion were two filings that the Plaintiff submitted in his state criminal matter. The Plaintiff argued that Detective Bobay was obligated to provide the informant's criminal history to the judicial officer when seeking an arrest warrant. The Plaintiff did not include a copy of his proposed amended complaint.

On September 1, the County Defendants and the Fort Wayne Defendants moved for summary judgment separately. On September 30, the Plaintiff filed one response to address both motions for summary judgment. On October 17, the Fort Wayne Defendants replied and on October 18 the County Defendants replied.

**STATEMENT OF FACTS**

2

In 2002, Detective Bobay was a member of the Vice and Narcotics Bureau with the City of Fort Wayne Police Department. For several years, the Bureau had received tips that the Plaintiff was dealing narcotics in an alley at the back of the residence at 608 E. Jefferson Boulevard.

On April 8, 2002, Detective Bobay made contact with a confidential informant who informed him that he could buy crack cocaine out of the backyard at 608 E. Jefferson from someone he knew as Shucky or Stacey. The informant stated that he had known this person since childhood. He further stated that he had been buying drugs every two to three weeks for about five years. The informant believed that the Plaintiff hid drugs in his backyard.

Detective Bobay got a photograph of the Plaintiff and placed it among photographs of other individuals. The informant identified the Plaintiff as the person who he bought drugs from. On April 8 and 9, 2002, Detective Bobay sent the confidential informant to 608 E. Jefferson Boulevard to make crack cocaine purchases. However, no purchases were made because the Plaintiff was not there.

On May 8, 2002, Detective Bobay contacted the informant and met him at a prearranged location to attempt another buy. Detective Bobay searched the informant and found no contraband. He also gave him $20 of pre-recorded money and fitted him with a listening device so he could tape record any conversations he had with the Plaintiff.

After Detective Bobay and another detective dropped the informant off at a nearby intersection, Detective Bobay saw him walk to the backyard of 708 E. Jefferson and through the listening device, heard him call for Shucky. The informant when to the rear door and knocked and asked for Shucky, then Stacey. Someone inside the house indicated that he was not there. The confidential informant began walking down the street to return to Detective Bobay's car when he

3

encountered a woman who said that Shucky was not home.[1] The informant then saw the Plaintiff riding his bike. The informant told Bobay, through the listening device, that the Plaintiff told him to meet in the backyard.

The informant met the Plaintiff, asked if he could buy drugs, and then bought them—all in the backyard at 708 E. Jefferson. He then returned to Detective Bobay's vehicle and handed him a piece of brown paper containing an off-white chunky substance that appeared to be crack cocaine. Detective Bobay's post-buy search of the informant uncovered no contraband or illegal substance.

After his search, Detective Bobay again asked the informant to identify, from a photo array, the person who he bought drugs from that day. The informant identified the Plaintiff as the dealer. Detective Bobay's field test of the substance tested positive for the presence of cocaine.

Detective Bobay presented the details of the May 8, 2002, controlled buy in an affidavit of probable cause. On May 24, 2002, an Information for dealing cocaine was filed against the Plaintiff in state court. On this same date, a warrant was issued for the Plaintiff's arrest for dealing in cocaine.

On May 24, Detective Bobay and other members of the Vice and Narcotics Bureau, including Detective Crasper, went to 708 E. Jefferson Boulevard to arrest the Plaintiff pursuant to the arrest warrant. Detective Crasper was not involved in the investigation of the Plaintiff and did not seek the arrest warrant.

On May 23, 2003, the Allen County Prosecutor dismissed the criminal charges against the Plaintiff.

Linda Bloom and Marla Irving are County Commissioners. F. Nelson Peters is the County

---

[1] The Plaintiff contends that the confidential informant was out of Officer Bobay's sight during this exchange, but does not cite to any credible evidence in support of this proposition. As will be discussed later, even if this is true, it is not a fact that affects the outcome of the pending motions for summary judgment.

Commissioner who succeeded Ed Rousseau in office. Robert Lee is the Allen County Treasurer. Graham Richard is the Mayor of the City of Fort Wayne and Al Moll is the Controller for the City. Rusty York is the Chief of Police of the City of Fort Wayne. None of these individuals had any personal contact with the Plaintiff or were involved in any investigation of the criminal conduct for which he was arrested on May 24, 2002.

## ANALYSIS

### A.  Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In other words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving

5

party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party may, if it chooses, support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Comm'ns, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Conclusory allegations and self-serving affidavits, if not supported by the record, will

not preclude summary judgment. *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

**B.     Claims Against Allen County and Fort Wayne Officials**

Section 1983 provides a cause of action against government employees who, acting under color of law in their official capacity, violate the constitutional rights of another. 42 U.S.C. § 1983. "The decisional law is clear that there must be individual participation and involvement by a defendant, and that the concept of respondeat superior cannot be the basis of a claim under § 1983." *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994) (citing United States Supreme Court and Seventh Circuit cases). "A § 1983 suit against a government official in his official capacity for actions taken under color of state law is treated as a suit against the governmental entity." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). A government entity is responsible under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

the injury." *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

In both his deposition and his Response to the Defendants' Motion for Summary Judgment, the Plaintiff contends that Fort Wayne Police Department employees Bobay and Crasper violated his rights. In his Response, he also writes that "the Defendants did not enforce the policy, laws, or custom against Police misconduct" including acting without a search warrant and carrying out personal vendettas.

It is undisputed that Defendants Bloom, Irving, Rousseau/Peters, and Lee are officials of Allen County and, as such, could not control the City of Fort Wayne police officers or engage in administration or governance of the City of Fort Wayne. It is also undisputed that they took no part in the Plaintiff's arrest. Accordingly, the County Defendants maintain that they are entitled to summary judgment.

Because there is no evidence that a policy or custom of Allen County caused the Plaintiff's alleged injuries, the Plaintiff cannot maintain a cause of action under § 1983 against the County Defendants in their official capacities. In addition, the Plaintiff does not contend that any of the County Defendants were personally involved in the actions of which he complains and they must be dismissed in their individual capacities.

The same is true for Defendants Graham Richard, the Mayor of Fort Wayne, Al Moll, the City of Fort Wayne Controller, and Rusty York, the City of Fort Wayne Chief of Police. In his deposition, the Plaintiff stated that these Defendants were responsible for Detective Bobay's actions by virtue of their official positions. (Pf.'s Dep. at 58) (asserting that Richard was "in charge of Detective Bobay"); (Pf.'s Dep. at 59) (testifying that Moll was "in charge of controlling the City Police" and that "everybody is responsible for each other's actions"); (Pf.'s Dep. at 61) (responding

8

to question whether he had evidence that Chief York was personally involved in events that he was complaining about that York was responsible for Bobay's actions and to keep a record of what was going on and to be accountable for his officers). He does not contend that these Defendants personally engaged in the actions of which he complains. As to an official policy, he contends only that a policy against police misconduct was *not enforced* by the Defendants in their official capacities.

Because the Fort Wayne official were not personally involved in any events related to this lawsuit, § 1983 cannot be based on respondeat superior, and the Plaintiff has not identified an official policy or custom of the City that caused his injuries, there is no issue of triable fact and his claims against Defendants Richard, Moll, and York will be dismissed.

### C. Claims Against Detectives Bobay and Crasper

The Plaintiff alleges in his Complaint that Detectives Bobay and Crasper fabricated evidence to obtain his arrest and falsely arrested and maliciously prosecuted him. He also alleges that Bobay and Crasper harassed him and his family members and friends following his arrest. However, in his Response to the Fort Wayne Defendants' Motion for Summary Judgment, the Plaintiff addresses only whether the arrest warrant was based on probable cause, arguing that Bobay obtained the warrant using hearsay and false testimony and that he was motivated by a personal vendetta against the Plaintiff. The only complaint he lodges regarding his arrest is that it was based on the invalid warrant. Accordingly, the Plaintiff's claims for malicious prosecution and "harassment" are waived

and dismissed.[2]

As to the warrant, the Plaintiff argues that Detective Bobay knowingly, intentionally, or with reckless disregard for the truth provided false information in his affidavit of probable cause when he did not establish the credibility of the confidential informant and failed to disclose the informant's pending criminal charges and prior criminal history. He also argues that Bobay omitted certain facts regarding the controlled buy in his affidavit that would have impacted the judicial officer's decision to grant the warrant . He contends that Detective Bobay failed to disclose that the informant was out of his sight for fifteen minutes during the alleged buy and that Detective Bobay's pre-buy search of the informant did not include a cavity search. He also notes that no drugs were recovered in the backyard or on his person when he was arrested.

When an arrest is made pursuant to a facially valid warrant issued by a judicial officer, officers violate a plaintiff's rights only if reasonably well-trained officers in their positions should have known that the testimony or affidavits they provided in support of the warrants would have failed to establish probable cause, so that they should not have applied for the warrants in the first place. *Malley v. Briggs*, 475 U.S. 335, 345 (1986). The plaintiff must provide evidence that the officer "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officers'

---

[2] Even if the Court did not find that these arguments were waived, the undisputed facts do not support presenting these claims to a jury. Detective Bobay, as a police officer, does not prosecute criminal actions and there is no evidence that he influenced the prosecutors after the Plaintiff's arrest. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 901 (7th Cir. 2001) (dismissing malicious prosecution claim against police officers where no allegations was made that they exerted any pressure or influence over prosecutors). The Plaintiff's harassment claim does not assert a violation of his federal or constitutional rights and is not actionable under § 1983. *Spiegel v. Rabinovitz,* 121 F.3d 251, 254 (7th Cir. 1997) ("The first step in any § 1983 analysis is to pinpoint the specific constitutional right which was allegedly violated.").

determinations that probable cause existed for the arrests." *Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003); *see also Forman v. Richmond Police Dep't*, 104 F.3d 950, 964 (7th Cir 1997) (stating that court defers to judicial officer's probable cause determination unless the plaintiff demonstrates that officer's affidavit was knowingly or intentionally false, or drafted with a reckless disregard for the truth). A "reckless disregard for the truth" is demonstrated by showing that the officers entertained serious doubts as to the truth of their statements, had obvious reasons to doubt the accuracy of the information reported, or failed to inform the judicial officer of facts they knew would negate probable cause. *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003). "Immaterial misstatements will not invalidate an otherwise legitimate warrant." *Forman*, 104 F.3d at 964. The same rules apply to omissions. *Molina*, 325 F.3d at 968 (citing *Supreme Video, Inc. v. Schauz*, 15 F.3d 1435, 1441 (7th Cir.1994); *United States v. Williams*, 737 F.2d 594, 604 (7th Cir.1984)).

The Plaintiff's claim is that Detective Bobay obtained the arrest warrant at issue through intentional or reckless omission of material facts. He contends that Detective Bobay failed to inform the judicial officer of facts he knew would negate probable cause. The Court does not agree that the omitted facts would have negated probable cause.

The affidavit for probable cause detailed a confidential informant's controlled narcotics purchase of crack cocaine from the Plaintiff on May 8, 2002. On the basis of this information, Bobay was justified in believing that the Plaintiff had committed the crime of dealing cocaine. *See United States v. McKinney*, 143 F.3d 325, 329 (7th Cir. 1998) ("Controlled buys add great weight to an informant's tip."). In *United States v. McKinney*, the plaintiff challenged an informant's reliability. Even though the police did not conduct a full search of the informant before the buys, they did pat

11

him down before and after he went into the plaintiff's business. *Id.* In addition, the police did not fit the informant with any radio or video surveillance equipment, but they did watch him go into and out of the business, and each trip took only four to fourteen minutes. *Id.* These measures were sufficient to support a finding of probable cause for a search warrant. *Id.* (rejecting the plaintiff's challenge to reliability of informant because "[w]hile police can always do more to boost reliability, a probable cause determination does not require the same amount of certainty as a guilty verdict"). Probable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime was committed. *Illinois v. Gates*, 462 U.S. 213, 244 n. 13 (1983).

      Here also, the informant's credibility was boosted by his participation in a controlled buy. Detective Bobay himself searched the informant prior to the controlled buy and did not find illegal contraband or substances. He also monitored the informant through an electronic listening device. The Plaintiff's claims that Detective Bobay did not include in his affidavit that the informant's body cavities were not searched and that he was out of Detective Bobay's sight for fifteen minutes (which is an unsupported allegation) is not sufficient to support a claim that he acted with reckless disregard. Even if these facts had been provided, there was probable cause to believe that the Plaintiff had sold crack cocaine to the informant. *See Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003) (probable cause exists if, at the moment officer sought warrant "the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that [the plaintiff] had committed the crimes"). In addition, whether the informant had pending criminal charges against him is of little consequence given the independent police corroboration of the informant's statements that he had regularly purchased drugs from the plaintiff. *United States v. Singleton*, 125 F.3d 1097,

1103 (7th Cir. 1997) (search warrant based on controlled narcotic purchases found valid despite affidavit's failure to disclose that informant had a criminal history and no record of prior cooperation establishing credibility). Of even less consequence is the fact that, according to the Plaintiff, no drugs were found in the backyard or on his person subsequent to his arrest. *See Gower v. Vercler*, 377 F.3d 661, 668 (7th Cir. 2004) (stating that the "existence of probable cause turns on the information known to the officers at the moment the arrest is made, not on subsequently-received information").

As to Detective Crasper, there is no evidence that he provided any information in connection with the issuance of the arrest warrant. In his affidavit presented to this Court in accordance with summary judgment procedures, Detective Crasper stated that he was not involved in the investigation that led to the issuance of the arrest warrant and did not supply any information in connection with the warrant. The Plaintiff contends that Detective Bobay's admission in an offense report indicates otherwise. In that report, Detective Bobay stated that he talked to Detective Crasper, who was involved in previous investigations of the same address, and he advised Bobay that the individual's name was Homer Richards. This evidence established only that Detective Crasper told Detective Bobay that the individual at 708 E. Jefferson Boulevard was named Homer Richards. The Plaintiff does not indicate how this proves that Detective Crasper violated his Fourth Amendment rights. Detective Crasper's involvement was limited to the execution of a valid arrest warrant. Because the Plaintiff does not make any challenge to his arrest that does not relate back to the issuance of the warrant, he has no claim against Detective Crasper.

Although there is no indication that the Plaintiff intended to sue Detectives Bobay and Crasper in their official capacities, the Court notes that any such claim would fail because the

13

Plaintiff has failed to identify a custom or policy of the City of Fort Wayne that let to the alleged violation of his federal rights.

**D.    Motion to Amend Complaint**

The Plaintiff's Motion to Amend Complaint appears to have been made for the purpose of asserting that the Defendants' violated his rights when Detective Bobay failed to inform the judicial officer that issued the arrest warrant that the informant had a criminal record. The Court has already determined that disclosing this fact would not have negated probable cause. Therefore, the Motion to Amend is rendered moot.

**CONCLUSION AND ORDER**

For the foregoing, reasons, the Motion for Summary Judgment [DE 85] filed by Defendants Marla Irving, Linda Bloom, Ed Rousseau, and Robert Lee is GRANTED. The Motion for Summary Judgment [DE 86] filed by Defendants Rusty York, Christopher Crasper, Timothy Bobay, Graham Richard, and Al Moll is also GRANTED. The Plaintiff's Motion to Amend [DE 62] is rendered MOOT. The Clerk will enter judgment in favor of the Defendants and against the Plaintiff.

SO ORDERED on May 1, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT